UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL K. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:12-CV-161 JD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Michael K. Johnson, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging his 2007 convictions in Marion Superior Court for resisting law enforcement, carrying a handgun without a license, reckless driving, and other offenses. [ECF No. 1.] The state argues that the petition is untimely and Johnson's claims procedurally defaulted. [ECF No. 18.] For the reasons stated below, the petition is dismissed with prejudice.

As an initial matter, because the state's procedural defenses can be resolved based on the documents that have been submitted, the respondent's motion for relief from producing the entire state court record [ECF No. 19] will be granted. In deciding the petition, the Court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Johnson's burden to rebut this presumption with clear and convincing evidence. *Id*. On direct appeal, the Indiana Court of Appeals set forth the facts underlying Johnson's conviction as follows:

> [O]n November 26, 2006, Officer Anthony Bath of the Indianapolis Police Department initiated a traffic stop of the vehicle Johnson was driving. Johnson was alone in the vehicle at the time. As the officer approached Johnson's vehicle, he saw a black bag sitting on the front passenger seat within an arm's length of Johnson. Officer Bath asked Johnson for his identification and watched as Johnson fumbled with his wallet. The officer saw Johnson skip over some form of identification three separate times. The officer repeated his request for identification and Johnson admitted that his license was suspended. Johnson then put his car in gear and sped off. Officer Bath put out a dispatch that a subject was fleeing, described Johnson's

vehicle, and gave chase. Officer Bath pursued Johnson's vehicle into a crowded skating rink parking lot but lost him there because he had to drive slowly as a result of the number of pedestrians present.

Meanwhile, Officer Michael Kavanaugh had received the dispatch regarding Officer Bath's report and was driving to the area to assist when a vehicle matching the description of the suspect's vehicle passed him going the opposite direction at a high rate of speed. Officer Kavanaugh activated his lights and siren and pursued the suspect. He followed the vehicle into an apartment parking lot and saw the vehicle crash into a privacy fence, after which the driver of the vehicle fled on foot. Other officers arrived on the scene and set up a perimeter. Officer Kavanaugh secured the suspect's vehicle and observed a dark-colored duffel bag sitting on the front passenger seat. He opened the bag and found a pair of skates and a handgun. He placed the bag and its contents in Officer Bath's squad car. A short time later Johnson was discovered by K–9 units hiding on the roof of a nearby nursing home. After Johnson jumped from the roof and attempted to flee, he was subdued by a K–9 unit.

Johnson was charged with two counts of resisting law enforcement, one as a class D felony and one as a class A misdemeanor, and carrying a handgun without a license as a class A misdemeanor. Later, the State amended the charges by adding reckless driving as a class B Misdemeanor, and elevating the handgun offense to a class C felony because of a previous, similar conviction. Johnson was convicted as set out above following a jury trial.

*Johnson v. State*, No. 49A02-0707-CR-593, slip op. at 1 (Ind. App. Ct. June 10, 2008). In June 2007, Johnson was sentenced to an aggregate prison term of 11 years. [ECF No. 1 at 1.]

Johnson appealed *pro se*,[1] claiming that he did not receive proper notice of the charges, and that errors in the abstract of judgment warranted reversal. *Johnson*, No. 49A02-0707-CR-593, slip op. at 2-3. On June 10, 2008, the Indiana Court of Appeals affirmed his conviction in all respects. *Id.* The Indiana Supreme Court denied his petition to transfer on August 28, 2008. [ECF No. 18-2 at 7.] He did not seek review in the U.S. Supreme Court. [ECF No. 1 at 1.]

---

[1] Johnson chose to represent himself both at trial and on appeal. *See Johnson*, No. 49A02-0707-CR-593, slip op. at 1. During his direct appeal, the state appellate court imposed filing restrictions on him, concluding that he "displayed a propensity toward the serial filing of frivolous motions and refuses to comply with the appellate rules." [ECF NO. 18-2 at 5.]

On July 22, 2010, Johnson filed a post-conviction petition in state court. [ECF No. 18-1 at 35.] The court denied the petition. [*Id.* at 40.] Johnson appealed, but his appeal was dismissed with prejudice on March 9, 2012, after he failed to file any documents in furtherance of the appeal. [ECF No. 18-4 at 2.] He did not seek review in the Indiana Supreme Court or the U.S. Supreme Court. [ECF No. 1 at 2.] On March 23, 2012, Johnson tendered his federal petition to prison officials for mailing. [ECF No. 1 at 5.] Although his claims are somewhat difficult to discern, he appears to claim that the judge was biased against him, and that due process errors at his trial and in the post-conviction proceedings warrant his release.[2] [ECF No. 1 at 3; ECF No. 1-1.]

Johnson's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] As the state points out, Johnson's petition is not a model of clarity, and errors in the post-conviction proceedings would not entitle him to federal habeas relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Jackson v. Duckworth*, 112 F.3d 878 (7th Cir. 1997). The court nevertheless presumes for purposes of this opinion that the petition contains some cognizable federal claim.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Johnson's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. On direct appeal, the Indiana Supreme Court denied transfer on August 28, 2008, and Johnson's conviction became final when the time for seeking review in the U.S. Supreme Court expired 90 days later. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (if petitioner did not file petition for *certiorari*, conviction becomes final and one-year statute of limitations begins running when the time for seeking review in the U.S. Supreme Court expires). Absent any period of tolling, he had one year from that date—or until November 26, 2009—to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A).

Although Johnson filed a state post-conviction petition in July 2010, the federal deadline had already expired by that time.[3] *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (observing that "a state proceeding that does not begin until the federal year has expired is irrelevant" for purposes of 28 U.S.C § 2244(d)(2)). The state court decision denying post-conviction relief did not "open a new window for federal review," nor did it "reset the federal clock." *Id.* at 942-43.

---

[3] Johnson also filed a prior federal petition, which was dismissed in March 2009 for failure to exhaust available state court remedies. *See Johnson v. Peters*, No. 1:08-CV-986 (S.D. Ind. filed July 22, 2008). However, filing a federal petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Rhines v. Weber,* 544 U.S. 269, 274-75 (2005); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).

Accordingly, the petition is untimely. Johnson was given an extension until January 9, 2013, to file his traverse, but to date none has been received. Johnson thus has not responded to the state's timeliness argument or provided grounds for excusing the untimeliness of his petition. The petition is therefore subject to dismissal.

The state additionally argues that even if the petition were timely, Johnson's claims are procedurally defaulted and cannot be reviewed on the merits. [ECF No. 18 at 8-10.] The Court agrees. Before considering the merits of a claim, the Court must ensure that the state courts have been given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review, either on direct appeal or on post-conviction review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848. Under the procedural default doctrine, a federal court is precluded from reaching the merits of a claim when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Here, the record shows that Johnson filed an appeal after his post-conviction petition was denied, but he failed to file any documents in furtherance of his appeal, resulting in a dismissal of the appeal with prejudice. Johnson's failure to comply with state procedural rules, precipitating the dismissal of his appeal, provides an adequate and independent state ground that blocks federal review. *Coleman*, 501 U.S. at 735; *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002). Furthermore, after the appeal was dismissed, Johnson did not seek discretionary review in the Indiana Supreme

Court. [*See* ECF No. 1 at 3.] His failure to present his claims to the Indiana Supreme Court constitutes a second level of procedural default. *Boerckel*, 526 U.S. at 848. Again, Johnson did not file a traverse and has not responded to the state's procedural default argument or provided grounds to excuse his two procedural defaults. Accordingly, the petition will be dismissed with prejudice.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, Johnson's habeas petition is untimely and his claims otherwise procedurally defaulted. Nothing before the Court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Johnson to proceed further. Accordingly, the Court declines to issue him a certificate of appealability.

For these reasons, the respondent's motion for relief from the order to produce the complete state court record [ECF No. 19] is GRANTED. The petition [ECF No. 1] is DISMISSED WITH PREJUDICE, and the petitioner is DENIED a certificate of appealability.

SO ORDERED.

ENTERED: March 1, 2013

                                        /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court